

Martin F. Casey (MFC-1415)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o H.K. GLOBAL
TRADING LTD.,



2008 Civ.

                Plaintiff,                          **COMPLAINT**

      - against -

SUMMIT GLOBAL LOGISTICS AND
SEAMASTER LOGISTICS,

                Defendants.
-------------------------------------------------------------X

      Plaintiff, Indemnity Insurance Company of North America a/s/o H.K. Global Trading Ltd. by and through its attorneys, Casey & Barnett, LLC, for its Complaint against Summit Global Logistics and SeaMaster Logistics, alleges upon information and belief, as follows:

      1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon U.S.C. 28 § 1333 and the General Maritime Law of the United States.

      2.      Plaintiff, Indemnity Insurance Company of North America, (hereinafter "INA"), was and is a corporation with an office and place of business located at 140 Broadway, New York, New York 10005, and is the cargo insurer of a certain consignment of white inkjet

printables owned by H.K. Global Trading Ltd., who was the consignee of said consignment of white inkjet printables, as more fully described below.

3. H.K. Global Trading Ltd. was and still is a business entity duly organized and existing under the laws of a foreign state with an office and place of business located at 1213 Grant Street, Laredo, Texas, 78040.

4. Defendant, Summit Global Logistics, was and still is a business entity duly organized and existing under the laws of a foreign state with an office and place of business located at 1 Meadowlands Plaza, 11th Floor, East Rutherford, New Jersey, 07073 and at all relevant times was and is doing business within the jurisdiction of this Honorable Court and is the "successor in interest" of SeaMaster Logistics.

5. Defendant, SeaMaster Logistics, was and still is a business entity duly organized and existing under the laws of a foreign state with an office and place of business located at 1 Meadowlands Plaza, 11th Floor, East Rutherford, New Jersey, 07073 and at all relevant times was and is doing business within the jurisdiction of this Honorable Court.

6. This is a claim for damages sustained during transit to a consignment consisting of 1,800 cartons of white inkjet printables, with a weight of 19,800 kg, which were delivered to the defendants in good order and condition, laden in container number ECMU4257205, to be carried from Hong Kong, China to Laredo, Texas, U.S.A. via the port of Long Beach, California, U.S.A. pursuant to SeaMaster Logistics bill of lading number NSML07040083 dated May 3, 2007.

7. When the cargo arrived in Laredo, Texas on or about June 4, 2007, 90 cartons of white inkjet printables were found to have suffered physical and wetting damages.

8. The damage to the aforementioned white inkjet printables was caused solely by the negligence, carelessness, and/or breach of contract of the defendants, their employees, contractors, agents and servants, without any fault on the part of the plaintiff.

9. At all times relevant hereto, a contract of insurance for property damage was in effect between H.K Global Trading Ltd. and INA, which provided coverage for, among other things, loss or damage to the consignment.

10. Pursuant to the aforementioned contract of insurance between H.K Global Trading Ltd. and INA, monies have been and will be expended on behalf of H.K Global Trading Ltd., to the detriment of INA due to wetting damages sustained during transit.

11. Due to the wetting damages, H.K Global Trading Ltd. sustained damages in the amount of $7,755.00 and INA has paid the value of the insurance policy in the amount of $7,755.00 to H.K Global Trading Ltd.

12. As INA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, INA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendants.

13. INA brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and INA is entitled to maintain this action.

14. By reason of the foregoing, INA has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $7,755.00.

15. All and singular the matters alleged herein are true and correct. INA reserves the right to amend and supplement this Complaint, as further facts become available.

**WHEREFORE**, INA prays:

1. The Court order, adjudge and decree that defendants, SUMMIT GLOBAL LOGISTICS AND SEAMASTER LOGISTICS, be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs.

2. That this Court grants to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
    May 7, 2008
    115-914

                         CASEY & BARNETT, LLC
                         Attorneys for INA

By: *[signature]*
Martin F. Casey (MFC-1413)
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225